IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kosto Food Products Co., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-CV-11461 |
| AmeriColor Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Complaint**

1. The plaintiff, Kosto Food Products Co. ("Kosto"), is an Illinois corporation with its principal place of business located in Wauconda, Lake County, Illinois. Its attorney is Hanson Law Group LLP, 1000 Hart Road, Suite 300, Barrington, Illinois 60010.

2. AmeriColor Corporation ("AmeriColor") is a California corporation with its principal place of business located in California. Its attorney is Sheppard Mullin Richter & Hampton LLP, 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626. Its agent for service of process is Mariano Molina, 341 C Melrose St., Placentia, California 92870.

3. AmeriColor sent Kosto a cease-and-desist letter (the "Letter") alleging that "your [Kosto's] conduct constitutes trade dress infringement, false designation of origin, and related claims under federal and state law. *See, e.g.,* 15 U.S.C. § 1125(a)." The Letter goes on to assert that "your [Kosto's] conduct subjects you to enhanced monetary recovery …. *See* 15 U.S.C. § 1117." The Letter demands that Kosto "within seven (7) days from receipt of this letter … immediately and permanently cease any and all use of a

product design for packaging your [Kosto's] food coloring products which is confusingly similar to AmeriColor's packaging/bottle design … and … permanently refrain from otherwise infringing AmeriColor's intellectual property rights."

4. The Letter was dated November 12, 2015, and it arrived at Kosto on November 13, 2015, and thus the seven-day deadline provided in the Letter has past. Kosto has not asked for or received any extensions to that alleged deadline.

## Jurisdiction

5. AmeriColor is subject to this Court's personal jurisdiction for this case because AmeriColor sent the Letter to this jurisdiction, and the activity that the Letter demands to be stopped is in this jurisdiction. More specifically, the activity that the Letter demands to be stopped is conducted (A) in connection with Kosto's manufacturing, which occurs in Illinois, and (B) also in connection with Kosto selling products to customers in Illinois.

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. §1121(a). *See* 15 U.S.C. §§1117, 1125.

## Venue

7. This district is the proper venue under 28 U.S.C. § 1391(b)(2) or (3).

8. AmeriColor does not have any trademark rights or other rights as asserted in the Letter or as protected under the Lanham Act (*e.g.* 15 U.S.C. § 1125(a)) or other law, including without limitation in its food-coloring products, packaging, or bottle designs.

9. Kosto's food coloring products do not infringe any of AmeriColor's rights, including without limitation in connection with food-coloring products, packaging, or bottle designs.

WHEREFORE, Kosto Food Products Co. prays that the Court:

(a) Declare that AmeriColor does not have any trademark rights or other rights as asserted in the Letter or as protected under the Lanham Act (*e.g.* 15 U.S.C. § 1125(a)) or other law;

(b) Declare that Kosto's food coloring products do not infringe any of AmeriColor's rights; and

(c) Enter a judgment against AmeriColor Corporation for payment of Kosto Food Products Co.'s attorney fees in connection with this dispute, as authorized by 15 U.S.C. § 1117(a), and for costs;

(d) Provide such further relief that the Court deems appropriate.

Respectfully submitted:

/s/ Thomas A. Reed

Attorney for Plaintiff

Hanson Law Group LLP
1000 Hart Road Suite 300
Barrington, IL 60010
847-277-9988
ThomasReed@hansonlawgrp.com

3